

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

April 28, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-651
Re: Whether the Criminal District
Attorney of Gregg County is en-
titled to receive a constitution-
al salary of $500.00 from the
State in addition to the compen-
sation provided in Article 3912e,
Section 15, Revised Civil Statutes.

We are in receipt of your letter of April 18, 1939,
wherein you request our opinion as to whether the criminal dis-
trict attorney of Gregg County is entitled to receive an an-
nual constitutional salary of $500.00 from the State of Texas,
additional to the salary provided in Article 3912e, Revised
Civil Statutes.

The Legislature of Texas, in 1931, by House Bill 49,
Chapter 23, Acts First Called Session, 42nd Legislature, created
the 124th Judicial District for Gregg County, and in "pre-
scribing the organization thereof" created the office of Crim-
inal District Attorney. The court was created for a period
of four years and would have expired on August 12, 1933. By
House Bill 226, Chapter 4, Acts 44th Legislature, 1935, the
Legislature made permanent the District Court for the 124th
Judicial District, and in addition created an additional
District Court of Gregg County, known as the Special District
Court for Gregg County, Texas, to expire four years from the
effective date of the Act, January 25, 1935. The Legislature
by House Bill 82, Chapter 34, Acts, Forty-fifth Legislature,
2nd Called Session, 1937, extended the expiration date of the
Special Court to January 25, 1943. Both of these Gregg County
District Courts are in continuous session.

Section 20, of Chapter 4, Acts 44th Legislature, pro-
vided:

"The Criminal District Attorney for the One Hundred
Twenty-fourth Judicial District of Texas shall receive
the same fees allowed by law for County Attorneys in mis-
demeanor cases, and shall in addition to the Constitutional

salary of Five Hundred Dollars per annum allowed to
District Attorneys, to be paid by the State of Texas in
the manner provided by law for paying the salary of
District Attorneys, be paid the same fees which are now
allowed and paid to County and District Attorneys in
counties where less than three thousand votes were cast
at the preceding presidential election."

Section 21 of Article 5 of the Constitution of Texas,
provides as follows:

"A county attorney, for counties in which there
is not a resident criminal district attorney shall be
elected by the qualified voters of each county, who
shall be commissioned by the Governor, and hold his
office for the term of two years. In case of vacancy
the commissioners court of the county shall have the
power to appoint a county attorney until the next gen-
eral election. The county attorney shall represent
the state in all cases in the District and inferior
courts in their respective counties; but if any county
shall be included in a district in which there shall
be a district attorney, the respective duties of dis-
trict and county attorneys shall in such counties be
regulated by the Legislature. The Legislature may
provide for the election of district attorneys in such
districts as may be deemed necessary, and make provi-
sions for the compensation of district attorneys and
county attorneys; provided, district attorneys shall
receive an annual salary of five hundred dollars, to
be paid by the state, and such fees, commissions and
perquisities as may be provided by law."

On August 24, 1935, the people of Texas adopted Section
61 Article 16 of the Constitution reading as follows:

"All district officers in the State of Texas
and all county officers in counties having a popula-
tion of 20,000 or more, according to the then last
preceding Federal Census, shall from the first day of
January and thereafter and subsequent to the first Reg-
ular or Special Session of the Legislature after the
adoption of this Resolution, be compensated on a salary
basis. In all counties in the State, the Commissioners
Court shall be authorized to determine whether precinct
officers shall be compensated on a fee basis or on a
salary basis; and in counties having a population of
less than 20,000 according to the then last preceding
Federal Census, the Commissioners Court shall also
have the authority to determine whether county officers

shall be compensated on a fee basis or on a salary
basis . . . ."

Article 3912e, Section 15, reads in part as follows:

"Sec. 15.   The Commissioners' Court in counties hav-
ing a population of less than twenty thousand (20,000)
inhabitants, according to the last preceding Federal
Census at the first regular meeting in January of each
calendar year, may pass an order providing for compensa-
tion of all county and precinct officers on a salary basis.
The Commissioners' Court in each of such counties is
hereby authorized, and it shall be its duty, to fix the
salaries of Criminal District Attorneys.  In the event
such Court passes such order they shall pay to each of
said District and County officers in money an annual
salary in twelve (12) equal installments of not less
than the total sum earned as compensation by said officer
in his said official capacity for the fiscal year of 1935
and not more than the maximum allowed such officer under
laws existing August 24th, 1935, . . . .

    "(a)   The compensation of a Criminal District Attor-
ney, or County Attorney who performs the duties of
District Attorneys, together with the compensation of
his assistants, shall be paid out of the County Officers'
Salary Fund, but the State shall pay into such Fund each
year an amount equal to a sum which bears the same propor-
tion to the total salary of such Criminal District Attor-
ney, or County Attorney performing the duties of a
District Attorney, together with the salary of his
assistants, as all felony fees collected by such official
during the year of 1935 bear to the total fees collected
by such official during such year."

Article 3912e, Revised Civil Statutes, was enacted for
the purpose of carrying into effect said Section 61 of the
Constitution of Texas.  We are advised that Gregg County has
a population of less than 20,000 inhabitants according to the
last Federal Census.  From the information given us, we also
understand that the criminal district attorney of Gregg County
is receiving the full compensation provided in Section 15 of
said Article 3912e.

From said Article 3912e, Section 15, it appears that the
commissioners' court in each county of less than 20,000 inhab-
itants is authorized to fix the salaries of all district and
county officers, and is required to fix the salary of the crim-
inal district attorney.  The amount of the salary is not to be
less than the total sum earned as compensation by an officer

in his official capacity for the fiscal year of 1935 and not more than the maximum allowed him under laws existing August 24, 1935. The total sum earned by the criminal district attorney of Gregg County in the year 1935 included the constitutional salary of $500.00, and he has already had the benefit of that fact in the fixing of his salary. The statute further provides that the compensation of the criminal district attorney shall be paid out of the County Officers' Salary Fund.

It is quite clear that it was intended for the salary of a criminal district attorney of a county having a population of less than 20,000 inhabitants to be fixed by Section 15 of Article 3912e. To allow him an additional $500.00 to be paid out of the General Fund of the State would be to give him a $500.00 salary advantage over all other district and county officers, and it would be to allow the fixing of his maximum as being $500.00 more than the maximum allowed him under laws existing August 24, 1935. Manifestly such was not the purpose of the Statute. Furthermore, that Article provides that the compensation of the criminal district attorney shall be paid out of the County Officers' Salary Fund. Nothing is said about paying $500.00 of it out of the State Treasury.

In spite of the fact that the Legislature has plainly provided, or attempted to provide, that his salary shall be fixed at not less than the total sum earned by him for the fiscal year of 1935 (including the $500.00 constitutional salary) and not more than the maximum amount allowed him under laws existing August 24, 1935, is the criminal district attorney to receive an additional $500.00 by reason of the provisions in Section 21 of Article 5 of the Constitution? We think not. The officer is receiving the salary fixed for him. It does not appear to us to be of great importance whether a particular $500.00 of such salary comes from the State Treasury or from the County Officers' Salary Fund. We quote from the opinion of Chief Justice Phillips in the case of Bexar Co. vs. Linden, 220 S.W. 761, as follows:

"It was within the Legislature's power, in our opinion, to provide for the disposition of the excess fees of District Attorneys as is done by the Statute. We do not regard the disposition made as in any sense a grant of public money. The statute is in our view, therefore, a valid enactment.

"This holding is based upon the relation which the counties of the State bear to the sovereignty of the State; upon their character as mere political subdivisions of the State; created for the convenience of the

people and for the purposes of local government, but for the exercise of essentially State powers as distinguished from municipal powers; and, with their conferred powers having the nature of duties rather than privileges. existing as but agencies of the State for the effective discharge through local officers of the governmental obligations of the State.

"The use of the counties of the State as a means of government is a use by the State and for the State as a sovereignty. The effect of the statute, in association with other provisions of law is to set apart the excess fees of District Attorneys and other officials as State funds for the governmental purposes of the State with whose execution the counties, as instrumentalities of the State, are charged. Such a dedication is in no true sense a grant of public money. It is but an appropriation of funds of the State for the uses of the State. It is therefore a constitutional use, having no character of a bounty or gratuity."

We cite also the case of Aransas Pass vs. Keeling, 247 S.W. 818, by the Supreme Court, upholding the use by the State of a city as an appropriate agency through which the State could discharge a duty resting upon it. We quote from the opinion:

"Cities or counties furnish convenient and appropriate agencies through which the state may perform duties resting on the State, in the performance of which the cities or counties have a special interest. The use of the cities or counties as agents of the state in the discharge of the state's duty is in no wise inhibited by the Constitution in section 51 of article 3."

In the case under consideration the payment of the criminal district attorney's salary out of the officers' Salary Fund answers the requirement of Article 5, Section 21 of the Constitution. No harm befalls the criminal district attorney in the payment of his salary out of the County Officers' Salary Fund and in the selection of the county as the agency of the State to make payment of such salary.

We, therefore, answer your question by saying that the criminal district attorney in question is not entitled to be paid $500.00 by the State in addition to the salary provided in Article 3912e, Section 15, Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:N

APPROVED
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS